1

Walter Peña, State Bar No. 247469
BEWLEY, LASSLEBEN & MILLER, LLP

2

13215 E. Penn Street, Suite 510

3

Whittier, CA 90602-1797
(562) 698-9771

4

walterp@bewleylaw.com

5

Attorneys for Defendant,
Beacon Oral Specialists Management LLC,

6

7

8

## IN THE UNITED STATES DISTRICT COURT

9

## EASTERN DISTRICT OF CALIFORNIA

10

## SACRAMENTO DIVISION

11

12

TONIA SARTIN,

Case No.: 2:23-CV-00658-DJC-DB

13

Plaintiff,

**DEFENDANT BEACON ORAL
SPECIALISTS MANAGEMENT LLC'S

14

v.

NOTICE OF MOTION AND MOTION TO
DISMISS FIRST AMENDED

15

COMPLAINT (Fed.R.Civ.P. 12(b)(1));
MEMORANDUM OF POINTS AND

16

HUMPHREY UNIVERSITY, a California
Corporation; BEACON ORAL

AUTHORITIES IN SUPPORT OF SAME**

17

SPECIALISTS MANAGEMENT LLC, a
Delaware Limited Company

Hearing Date:        Aug. 17, 2023
Time:                      1:30 p.m.

18

Hon. Daniel J. Calabretta

19

Defendants.

Courtroom 10, 13th Floor

20

Complaint Filed: April 7, 2023

21

22

23

24

25

26

27

28

1

1    **TO PLAINTIFF AND HER ATTORNEY OF RECORD:**

2    **PLEASE TAKE NOTICE THAT** under Rule 12(b)(1) of the Federal Rules of Civil

3    Procedure, on August 17, 2023, at 1:30 p.m., in Courtroom 10, 13th Floor of this Court

4    located at 501 I Street, Sacramento, CA 95814, Defendant Beacon Oral Specialists

5    Management LLC will and hereby does move to dismiss this action on the grounds the

6    Court lacks subject-matter jurisdiction. This motion is based upon this notice of motion

7    and motion, the attached memorandum of points and authorities, the records and

8    pleadings filed in this action, and upon such other matters or arguments as may be

9    presented to the Court at the hearing.

10                                        BEWLEY, LASSLEBEN & MILLER, LLP

11

12                                        By: _____
                                               Walter Peña
13                                             Attorneys for Defendant
                                               Beacon Oral Specialists Management LLC
14

15                    **CERTIFICATION UNDER PARAGRAPH I.C**

16            **OF THE MAY 10, 2023 STANDING ORDER IN CIVIL CASES.**

17           Counsel for Plaintiff and Defendant met and conferred to discuss the substance of

18    this motion and any potential resolution.  Specifically, counsel for Plaintiff provided to

19    counsel for Defendant a draft of the contemplated motion on June 18, 2023.  Counsel

20    responded by reply email on June 20, 2023.  Later that day, counsel spoke

21    telephonically and, despite their best efforts, could not resolve the substance of this

22    motion.

23                                        BEWLEY, LASSLEBEN & MILLER, LLP

24

25                                        By: _____
                                               Walter Peña
26                                             Attorneys for Defendant
                                               Beacon Oral Specialists Management LLC
27

28

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    INTRODUCTION**

3        Plaintiff Tonia Sartin ("Plaintiff") initiated this action on April 7, 2023. DK #1.

4    Plaintiff filed a First Amended Complaint ("FAC") on May 12, 2023. DK #13. Plaintiff

5    served Defendant Beacon Oral Specialists Management LLC ("Defendant") on May 17,

6    2023. See DK #18. Plaintiff and Defendant extended the time to respond to the FAC until

7    June 19, 2023. DK #18.

8        The FAC sets forth two claims, (1) violations of the Americans with Disabilities Act

9    ("ADA") and, based upon the same facts, (2) violations of the California Unruh Civil

10   Rights Act ("Unruh Act"). *See* FAC. For the reasons described below, Defendant moves

11   to dismiss the FAC for lack of subject matter jurisdiction under Federal Rule of Civil

12   Procedure ("FRCP") 12(b)(1). To the extent both claims are not dismissed under Rule

13   12(b)(1), Defendant requests that the Court decline to exercise supplemental jurisdiction

14   over Plaintiff's Unruh Act claim under 28 U.S.C. 1367 (c)(2) and/or (c)(4).

15   **II.    LEGAL STANDARD**

16       **A.    Subject Matter Jurisdiction Under FRCP 12(b)(1)**

17       The federal judicial power is restricted to the resolution of "Cases" and

18   "Controversies," and this case-or-controversy requirement is met where the plaintiff has

19   standing to bring their suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992);

20   *see also Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). For a Court to

21   have subject matter jurisdiction, Plaintiffs in all actions—including ADA actions—must

22   establish standing at each stage of the litigation, even while the "Supreme Court has

23   instructed us to take a broad view of constitutional standing in civil rights cases,

24   especially where, as under the ADA, private enforcement suits 'are the primary method

25   of obtaining compliance with the Act.'" *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th

26   Cir. 2008) (*quoting Trafficante v. Metro Life Ins. Co.*, 409 U.S. 205, 209 (1972)).

27       Standing consists of three elements: (1) an "injury in fact" which is a "concrete

28   and particularized" legally protected interest that is "actual or imminent" and not

1   "hypothetical," (2) "a causal connection between the injury and the conduct complained

2   of," and (3) "it must be likely…that the injury will be redressed by a favorable decision."

3   *Lujan,* 504 U.S. at 560 (internal citations and quotations omitted). A plaintiff must

4   establish these elements as "[t]he party invoking federal jurisdiction." *Id.* at 561.

5          Where a plaintiff lacks standing, a complaint may be dismissed for lack of subject

6   matter jurisdiction under Rule 12(b)(1). *Brooke v. Patel,* 2022 WL 209737, *4 (E.D. Cal.

7   Jan. 24, 2022). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for*

8   *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the

9   challenger asserts that the allegations contained in a complaint are insufficient on their

10  face to invoke federal jurisdiction." *Id.* "[I]n a factual attack, the challenger disputes the

11  truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."

12  *Id.* Where a district court dismisses all federal claims due to lack of subject matter

13  jurisdiction, it has no discretion and must dismiss all remaining claims. *Strojnik v.*

14  *Woodside Hotel Group, Ltd.,* 2021 WL 1238308, *8 (N.D.Cal. Apr. 2, 2021); *Herman*

15  *Family Revocable Trust v. Teddy Bear,* 254 F.3d 802, 806 (9th Cir. 2001).

16         **B.      Supplemental Jurisdiction**

17         Federal courts have supplemental jurisdiction over state law claims that are so

18  related to claims over which the court has original jurisdiction that they form the same

19  case or controversy under Article III of the U.S. Constitution. 28 U.S.C. § 1367(a); *see*

20  *also United Mine Workers of Am. v. Gibbs (Gibbs)*, 383 U.S. 715, 725 (1966); *Kuba v. 1-*

21  *A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). District courts can decline to exercise

22  supplemental jurisdiction even if supplemental jurisdiction exists. 28 U.S.C. § 1367(c);

23  *see Gibbs*, 383 U.S. at 726 (supplemental jurisdiction "is a doctrine of discretion, not of

24  plaintiff's right.").

25         "The propriety of exercising supplemental jurisdiction can be raised by the parties

26  or *sua sponte* by the courts" (*Carne v. Stanislaus Cnty. Animal Servs. Agency*, 445 F.

27  Supp. 3d 772, 774-75 (E.D. Cal. 2020)), so long as the district court provides reasoning

28  "for the decision to decline to exercise supplemental jurisdiction." *Acri v. Varian Assocs.*

1    *Inc.*, 114 F.3d 999, 1001, n.3 (9th Cir. 1997). Even where a plaintiff establishes standing

2    sufficient to make the court's exercise of jurisdiction over federal claims appropriate, the

3    court retains discretion over whether to exercise supplemental jurisdiction over related

4    state law claims under 28 U.S.C. § 1367(a).

5         Section 1367 provides that a district court may decline to exercise supplemental

6    jurisdiction if, among other reasons, there are compelling reasons for declining

7    jurisdiction in exceptional circumstances or the claim substantially predominates over the

8    claim over which the district court has original jurisdiction. 28 U.S.C. §§ 1367(c)(2) & (4).

9    The Supreme Court has explained that, in determining whether to decline jurisdiction

10   under section 1367(c), courts must consider whether exercising jurisdiction would

11   promote judicial economy, convenience and fairness to litigants, and comity. *See Gibbs*,

12   383 U.S. at 726; *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172-73 (1997)

13   (noting discretion may be exercised "[d]epending on a host of factors" including "the

14   circumstances of the particular case, the nature of the state law claims, the character of

15   the governing state law, and the relationship between the state and federal claims."); *see

16   also Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). The Supreme Court stressed that

17   comity and fairness, in particular, are important considerations underlying the decision to

18   exercise supplemental jurisdiction. *Gibbs*, 383 U.S. at 726.

19   **III.    ARGUMENT**

20        **A.    Factual Allegations**

21        Plaintiff alleges she has no feeling in her left leg, has limited balance, and cannot

22   walk. FAC ¶ 19. However, Plaintiff can walk with the assistance of a walker for a "very

23   short distance" but otherwise uses a wheelchair. *Id.* Plaintiff alleges that, on or about

24   January 25, 2023, she visited the California Oral Surgery Center (the "Center") "to avail

25   herself of its goods, services, privileges, advantages, or accommodations." *Id.* ¶ 21. She

26   arrived at the Center using a disability van provided through the San Joaquin Regional

27   Transit District. *Id.* ¶ 23.

28        The disability van dropped Plaintiff off on Inglewood Avenue, outside the business

park's east entrance. *Id.* ¶ 29. Plaintiff alleges that a concrete sidewalk connecting the business park to the public sidewalk on Inglewood Avenue has a running slope of 10.7% (*id.* ¶ 31), the concrete route inside the business park has a running slope of 9.3% (*id.* ¶ 32), there are no handrails (*id.* ¶ 35), and that she found these slopes to be too steep to maneuver without difficulty. *Id.* ¶ 36. Nonetheless, Plaintiff could travel from the public sidewalk to the Center with the assistance of the disability van driver. *Id.*

The Center is a facility where oral and maxillofacial surgeons provide a full range of surgical procedures, including dental implants, removal of wisdom teeth, bone augmentation, etc. Plaintiff alleges that she had an appointment at the Center but was told that an appointment was not scheduled when she arrived. *Id.* ¶ 40. Plaintiff further alleges that a staff member explained that the Center could not accommodate her that day or another day because she would be required to stand without aid for her x-rays. *Id.* ¶ 40. Plaintiff left the Center without being seen and arranged to be treated by a different oral surgeon who would accommodate her wheelchair. *Id.*¶ 41. She attended an initial visit with the other surgeon and a second visit for her procedure. *Id.* ¶ 42.

**B.      The FAC Must Be Dismissed Under Rule 12(b)(1) For Lack of Standing**

Here, Plaintiff has brought two claims, (1) violations of the ADA and (2) violations of the Unruh Act. Both must be dismissed due to lack of standing.

*First,* Plaintiff lacks standing to bring her ADA claim because she has not alleged an "injury-in-fact." Plaintiff can walk with the assistance of a walker for a "very short distance" and otherwise uses a wheelchair, and she was able to travel from the public sidewalk to the Center with the assistance of the disability van driver. Moreover, Plaintiff was denied services at the Center *because she did not have an appointment*, not because of her disability. Plaintiff does not allege what services she sought, let alone that she was required to undergo an x-ray to receive such services.  Even so, Plaintiff can walk with the assistance of a walker, so presumably she can also stand for an x-ray if necessary.

Plaintiff alleges that she is living with a physical disability and that she visited the

1    Center and encountered architectural barriers. Still, she does not allege how her

2    disability relates to the barriers so as to deny her the "full and equal" access that would

3    satisfy the injury-in-fact requirement. In other words, the FAC does not connect the

4    alleged violations to Plaintiff's disability or indicate how she encountered any one of

5    them in such a way as to impair her full and equal enjoyment of the Center. Again,

6    Plaintiff was able to enter the Center, albeit with assistance, and was denied service

7    because she did not have an appointment and not because of her disability.  Even if she

8    had an appointment – which Defendant denies - there is nothing to indicate that she

9    would be denied service: Plaintiff has not alleged that an x-ray was necessary for her

10   treatment that day or would be needed for a subsequent visit.  Again, Plaintiff can stand

11   at least for a short period as expected for the x-ray. Because Plaintiff fails to allege an

12   injury-in-fact, this Court should dismiss Plaintiff's ADA claim for lack of subject matter

13   jurisdiction, as Plaintiff does not have standing to bring this claim.

14        Not only does Plaintiff fail to allege that she suffered an injury-in-fact that is

15   concrete, particularized, actual, and imminent, she must allege that she would return if

16   the ADA violations were remedied to have constitutional standing to bring suit under the

17   ADA, and that intent to return must be sincere. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034,

18   1041 (evidence of past patronage of the business, location within a reasonable distance

19   from Plaintiff's residence and along a familiar bus route, plus a sincere intent to return

20   could demonstrate an "actual or imminent" injury). Here, while Plaintiff alleges that she

21   intends to return to the Center in the future (*id.* ¶ 62), this allegation is belied by her

22   allegation that a different oral surgeon has already treated her. *Id.* ¶ 41.

23        *Second,* because Plaintiff lacks standing to bring her ADA claim, her Unruh Act

24   claim must be dismissed. Where a district court dismisses all federal claims due to lack

25   of subject matter jurisdiction, it has no discretion and must dismiss all remaining claims.

26   *Strojnik,* 2021 WL 1238308, *8; *Herman,* 254 F.3d at 806. Here, "[b]ecause the Court

27   has no subject-matter jurisdiction over [Plaintiff's] sole federal claim, the Court cannot

28   exercise supplemental jurisdiction over [Plaintiff's] remaining state law claim[]." *Strojnik,*

2021 WL 1238308, *8 (internal citations and quotations omitted). Accordingly, Plaintiff's claim for violation of the Unruh Act must also be dismissed.

## C.    The Court Should Decline to Exercise Supplemental Jurisdiction over Plaintiff's Unruh Act Claim Due To "Exceptional Circumstances" Within the Meaning of Section 1367(c)(4).

For the reasons above, Plaintiff's claims must be dismissed due to lack of subject matter jurisdiction. But even if the Court had subject matter jurisdiction over Plaintiff's ADA claim—which it does not—the Court should nevertheless decline to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim. Under 28 U.S.C. 1367(a), in any civil action where a district court has original jurisdiction, it shall have supplemental jurisdiction over all other related claims. However, a district court may decline to exercise supplemental jurisdiction over a claim for certain enumerated reasons, including "exceptional circumstances." 28 U.S.C. 1367(c)(4). Exceptional circumstances are present here.

While the trend already overwhelmingly favored declining supplemental jurisdiction of the state law claims of construction-related accessibility litigants, the trend has now been validated by the Ninth Circuit Court of Appeals in a published decision, *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2022). Referring to special procedures enacted by California to curb perceived abuse of state laws in "construction-related access" lawsuits (*see, e.g., Cal. Code of Civil Procedure* § 425.50-55; *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025 (S.D. Cal. April 10, 2017)), the Ninth Circuit Court of Appeals opined that Unruh Act plaintiffs have "evaded these limits" by filing in a federal "forum in which [they] can claim these state law damages in a manner inconsistent with the state law's requirements" and that "the procedural strictures that California put in place have been rendered largely toothless, because they can now be readily evaded." *Arroyo*, 19 F.4th at 1212-13. These circumstances are "exceptional" in any meaningful sense of the term, and failing to recognize them as exceptional would improperly ignore the substantial threat to federal-state comity that this overall situation presents. The Ninth

Circuit has had little difficulty concluding that the district courts do not abuse their discretion in concluding that cases similar to the one present here involve "exceptional circumstances" within the meaning of section 1367(c)(4). *See, e.g., Arroyo,* 19 F.4th at 1211-1213; *Thanh Vo v. Choi,* 49 F.4th 1167 (9th Cir. 2022) (following *Arroyo*).

Elaborating on the Supreme Court's ruling in *Gibbs*, the Ninth Circuit recently held that, when declining to exercise supplemental jurisdiction for a state law claim under § 1367(c)(4), district courts must apply the following two-step inquiry: first, the district court must sufficiently explain why the circumstances of the case are exceptional under § 1367(c)(4); and second, the court must show the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances. *Vo v. Choi,* 49 F.4th 1167, 1171 (9th Cir. 2022) (*quoting Arroyo v. Rojas*, 19 F.4th 1202, 1212-13 (9th Cir. 2021)).

The California Unruh Act is generally considered the state law analog to the ADA. Both acts seek to prohibit discrimination based on disability. Notably, the Unruh Act provides that a violation of the ADA constitutes a violation of section 51 of the Unruh Act. Cal. Civ. Code § 51(f). Unlike the ADA, however, the Unruh Act provides heightened procedural and filing requirements for "high-frequency litigants" of accessibility claims. These heightened procedural and filing requirements apply not only to plaintiffs but to attorneys as well. *See Cal. Code Civ. Proc.* § 425.55(b).  Plaintiff must allege, among other things, a plain language explanation of the specific access barrier or barriers she encountered, the way the barrier denied her full and equal use or access, or in which it deterred her, on each particular occasion, the dates of those particular occasions, whether she or her attorneys are high-frequency litigants, and if so, the number of complaints she has filed in the during the last 12 months, the reason she was in the geographic area of Defendant's business, and the specific purpose she desired to access Defendant's business.  *Cal. Civ. Proc. Code* § 425.50.  Moreover, the complaint must be verified by the Plaintiff or it is subject to a motion to strike (id.), and the Plaintiff

1   must pay a $1,000 filing fee at the time of the filing of the initial complaint, in addition to

2   the standard filing fees.  *Cal. Gov't Code* § 70616.5.

3        By contrast, a plaintiff filing an accessibility claim in federal court is held only to

4   the liberal pleading standard of Rule 8 of the Federal Rules of Civil Procedure and must

5   pay the filing fee of $405.00.  Unless this Court declines to exercise supplemental

6   jurisdiction over the state-law claim, Plaintiff will evade the heightened procedural and

7   filing requirements under California law.

8        **D.    The Court Should Decline to Exercise Supplemental Jurisdiction over**

9             **Plaintiff's Unruh Act Because Those Claims Predominate Over the**

10            **Claim Over which this Court has Original Jurisdiction within the**

11            **meaning of Section 1367(c)(2).**

12       To the extent both of Plaintiff's claims are not dismissed for lack of subject matter

13  jurisdiction, this Court should also decline to exercise supplemental jurisdiction over

14  Plaintiff's Unruh Act claim under 28 U.S.C. 1367(c)(2). Under section 1367(c)(2), a

15  district court may decline to exercise supplemental jurisdiction over a state law claim

16  where such claim "substantially predominates" over the claims over which the district

17  court has original jurisdiction. 28 U.S.C. 1367(c)(2).

18       Only injunctive relief is available under the ADA (*Wander v. Kaus*, 304 F.3d 856,

19  858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1)), whereas the state claims provide

20  monetary damages as well as injunctive relief. Under the Unruh Act, a plaintiff may

21  recover actual damages for each and every offense "up to a maximum of three times the

22  amount of actual damage but in no case less than four thousand dollars...." Cal. Civ.

23  Code § 52(a). Furthermore, a litigant need not prove they suffered actual damages to

24  recover the independent statutory damages. *Botosan v. Paul McNally Realty*, 216 F.3d

25  827, 836 (9th Cir. 2000). Thus, even without the ADA claim, Plaintiff could achieve the

26  complete remedy she seeks solely through the Unruh Act claim.

27       Courts have found state law claims to predominate over the federal ADA claim

28  where, as here, the plaintiff seeks significant damages under state law. *See, e.g.,*

1   *Schutza v. Cuddeback*, 262 F. Supp. 3d 1025, 1029-30 (S.D. Cal. 2017) (finding that

2   statutory damages available under the Unruh Act substantially predominated over

3   injunctive relief available under the ADA where the plaintiff alleged nine violations that, if

4   proven, would entitle the plaintiff to an award of $36,000); *Schutza v. McDonald's*, 133 F.

5   Supp. 3d 1241, 247-48 (state law claims predominated where the plaintiff sought

6   damages and fees). Plaintiff alleges five (or six[1]) barriers: (i) the route from the public

7   sidewalk on Inglewood Avenue to and through the east entrance of the business park;

8   (ii) the x-rays at the Center that require disabled patients to stand; (iii) the route from the

9   public sidewalk on Inglewood Avenue to and through the west entrance of the business

10  park; (iv) the parking at the west entrance of the business park; and (v) the ground

11  surfaces at the Center. These allegations, if proven, would entitle Plaintiff to an award of

12  at least $20,000.00 under the Unruh Act.

13       In addition, many issues arise due to the availability of statutory and other

14  damages under the state law claims, which do not arise under the ADA. For example,

15  inherent in the state law claims are the issues of what damages the plaintiff is entitled to,

16  how to calculate those damages, and determining whether the plaintiff is entitled to

17  treble damages. Litigating the state claims requires additional proof and discovery that

18  would likely not be needed under a pure ADA claim, where the only possible relief is

19  injunctive.

20       In light of the potential for Plaintiff to seek far greater state law damages, the issues

21  tied to damages as a remedy, and the heightened procedural, proof, and pleading

22  standards required for an Unruh Act claim, there should be no dispute that Plaintiff's state

23  law claims substantially predominate over her claim under the ADA. 28 U.S.C. §

24  1367(c)(2); *Gibbs*, 383 U.S. at 726-27. As such, to the extent Plaintiff's claims are not

25  dismissed for lack of standing, this Court should decline to exercise supplemental

26  jurisdiction over the Unruh Act claim under 28 U.S.C. § 1367(c)(2).

27  _____

[1] Plaintiff alleges that a doormat had been placed at the entrance to the Center such that requires wheelchair
28  users to exercise additional caution to ensure they do not get stuck (FAC ¶ 57), but it is not clear if Plaintiff
    is alleging this as a separate violation.

1

**IV.     CONCLUSION**

2          For the reasons discussed above, the Court should grant Defendant's motion and

3   dismiss all of Plaintiff's claims under Rule 12(b)(1) for lack of subject matter jurisdiction.

4   In the alternative, if Plaintiff's claims are not dismissed under Rule 12(b)(1), this Court

5   should decline to exercise supplemental jurisdiction of Plaintiff's state law claim under

6   1367(c)(2) and/or section 1367(c)(4).

7                                                BEWLEY, LASSLEBEN & MILLER, LLP

8

9          By: _____

10             Walter Peña
               Attorneys for Defendant
11             Beacon Oral Specialists Management LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28