UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONIA SARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUMPHREYS UNIVERSITY and BEACON ORAL SPECIALISTS MANAGEMENT LLC,<br><br>　　　　　Defendants. | No. 2:23-cv-00658-DCJ-DB<br><br><br>ORDER |

Before the Court is a Motion to Dismiss Plaintiff's claim under the Americans with Disabilities Act ("ADA") on the basis that Plaintiff has failed to establish standing for injunctive relief. Because the Court agrees that Plaintiff has not alleged a plausible and sincere intent to return to Defendant Beacon Oral Specialists Management LLC's oral surgery center, Plaintiff does not have an "actual and imminent" injury required for Article III standing. Accordingly, the Court will submit the matter without oral argument pursuant to Local Rule 230(g), and GRANT Defendant's Motion to Dismiss with leave to amend.

**I.    Background**

Plaintiff Tonia Sartin, a disabled individual and wheelchair user, brings the present suit alleging that she faced barriers to accessing the California Oral Surgery

1

1  Center (the "Center"), owned and operated by Defendants, and was told that the
2  Center would not be able to accommodate her disability when providing treatment.
3  (*See* FAC (ECF No. 13) at 3-6.)
4      Taking the allegations in the complaint as true, on January 25, 2023 Plaintiff
5  arrived at the Center via a disability van provided by the San Joaquin Regional Transit
6  District. (*Id.* ¶¶ 21, 23.) The Center has both an east and west entrance. (*Id.* ¶ 24.)
7  Plaintiff arrived at the west entrance which had a slope too steep for Plaintiff to
8  maneuver independently. (*Id.* ¶¶ 29-36.) She did not encounter any signage alerting
9  her to the existence of the east entrance, and instead received assistance from the
10 disability driver to access the Center through the west entrance. (*Id.* ¶¶ 30, 36.)
11     Once inside the Center, Plaintiff was told that she did not have an appointment
12 scheduled, despite Plaintiff having made an appointment. (*Id.* ¶ 40.) She was further
13 told that, regardless, the Center would be unable to accommodate her disability
14 because she would be required to stand without aid to receive x-rays. (*Id.*) Plaintiff
15 later consulted with and received treatment from a different oral surgeon who was
16 able to accommodate her wheelchair. (*Id.* ¶¶ 41-42.) Despite having received
17 treatment, Plaintiff alleges that she "intends to return to the business in the future. . . ."
18 (*Id.* ¶ 62.)
19     During the investigation of Plaintiff's claims, her counsel discovered numerous
20 other barriers relevant to Plaintiff's ability to access the Center, though Plaintiff did not
21 encounter these barriers on her own visit. (*Id.* at 2, ¶ 45.) These barriers include
22 deficiencies in the markings of wheelchair accessible parking spaces, the access aisle
23 and ramp adjacent to these parking spaces, and a lack signage for a van-accessible
24 parking space, among other barriers. (*Id.* ¶¶ 46-57.)
25     Plaintiff brings a claim alleging violations of the ADA and seeking to remove the
26 barriers to access. (*Id.* ¶¶ 64-78, 84-87.) She also brings a claim alleging
27 discrimination on the basis of her disability under the California Unruh Civil Rights Act
28 seeking damages. (*Id.* ¶¶ 79-83.)

2

Defendant Beacon Oral Specialists Management LLC brought the present Motion to Dismiss asserting that Plaintiff does not have standing to bring a claim under the ADA, and that the Court must therefore also dismiss Plaintiff's state law claim for lack of supplemental jurisdiction. (Mot. (ECF No. 19) at 4–6.)[1] The Court takes this matter under submission without oral argument.

## II. Legal Standard for Motion to Dismiss

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). Challenges to a plaintiff's Article III standing are properly raised under a 12(b)(1) motion as standing is required for a federal court to exercise jurisdiction. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010); *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015). Taking the allegations in the complaint as true, "the court must determine whether a lack of federal jurisdiction appears from the face of the complaint itself." *Nat'l Fed'n of the Blind*, 103 F. Supp. 3d at 1078. "[The] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996); *Chandler*, 598 F.3d at 1122.

Standing under Article III of the Constitution has three basic elements: the Plaintiff must have suffered (1) an "injury in fact;" (2) which is fairly traceable to or caused by the defendant's offensive conduct; and (3) which is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The injury in fact element is satisfied by showing that the injury is both (a) concrete and particularized and (b) actual or – where a Plaintiff seeks injunctive relief – imminent. *Lujan*, 504 U.S. at 564; *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983).

---

[1] Defendant alternatively argues that that Plaintiff's Unruh Act claim should be dismissed under the standard laid out in *Arroyo v. Rosas*, 19 F.4th 1202 (9th Cir. 2022), which counsels courts to dismiss Unruh claims when the special California filing requirements for high-frequency litigants under California Civil Procedure Code section 425.50 would apply. (*Id.* at 6-8.) Because the Court finds that Plaintiff does not have standing for the ADA claim and will dismiss the Unruh Act claim for lack of supplemental jurisdiction, there is no need for the Court to address this argument at this time.

### III. Discussion

#### A. Standing for Plaintiff's ADA Claims

As the ADA provides for only injunctive relief, it is not enough for Plaintiff to allege that she has been harmed in the past; she must demonstrate that she is continuing to be harmed or that she will be harmed in the future in order to establish an actual or imminent injury. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011); *see also Lujan*, 504 U.S. at 564 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." (quoting *Lyons*, 461 U.S. at 102)). Where a plaintiff "is currently deterred from visiting [an] accommodation by accessibility barriers" the plaintiff has established that their injury "is actual or imminent." *See Langer v. Kiser*, 57 F.4th 1085, 1094 (9th Cir. 2023); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008).

Deterrence, however, is only an actual or imminent injury where the plaintiff has demonstrated a "sincere and plausible" intent to return if and when the barrier is removed. *Kiser*, 57 F.4th at 1098. For instance, in *Doran* the plaintiff had standing to sue a 7-Eleven that was located 500 miles from his home on the basis that "the store is conveniently located near his favorite fast food restaurant in Anaheim, and that he plans to visit Anaheim at least once a year on his annual trips to Disneyland," confirming in his deposition that he intended to return there once the disability barriers were removed. 524 F.3d at 1040. Similarly, in *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1135–36, 1137–38 (9th Cir. 2002), the plaintiff had standing based on statements in a declaration that the Holiday Foods grocery stores were his favorite chain, and that the specific store at issue was near his grandmother, who he visited every Sunday. *See also Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1079 (D. Haw. 2000) (allegations that the restaurant was reasonably close to plaintiff and that plaintiff liked the food served was sufficient to show imminent harm because "[v]isiting a fast food restaurant, as opposed to a hotel or professional office, is not the sort of event that requires advance planning or the need for a reservation").

On the other hand, "ADA plaintiffs who seek prospective injunctive relief when they allege only past discrimination that is *unlikely to be repeat*ed have been denied constitutional standing." *Parr*, 96 F. Supp. 2d at 1079 (emphasis added). Thus, in *Hoepfl v. Barlow*, 906 F. Supp. 317, 322 (E.D. Va. 1995) a plaintiff who sought to have her breast implants removed and subsequently obtained the surgery elsewhere did not have standing to sue the doctor who initially refused to perform the surgery due to the plaintiff's HIV status. Similarly, the court in *Aikins v. St. Helena Hosp.*, 843 F. Supp. 1329, 1334 (N.D. Cal. 1994) concluded that a plaintiff who was deaf lacked standing to sue a hospital that was unable to effectively communicate with her when she had visited the hospital after her husband suffered a heart attack. The mere fact that she owned a mobile home 7 miles away from the hospital was insufficient to establish that she was likely to use the hospital in the future. *Id*.

In the instant case, the Court finds that Plaintiff has not alleged a plausible and sincere intent to return to the Center that would give rise to standing. This case is more like *Hoepfl* and *Aikins* in that Plaintiff had a specific situational need for which she visited the Defendant's office, and that need has since been resolved. Plaintiff visited the Center for the purpose of having an oral procedure done, but after being denied a consultation, she sought and received treatment elsewhere. Although Plaintiff alleges that she "intends to return," this statement, without more, rings hollow. *See Lujan*, 504 U.S. at 564 ("Such 'some day' intentions – without any description of concrete plans, or indeed even any specification of when the some day will be – do not support a finding of the 'actual or imminent' injury that our cases require.")

Unlike *Kiser*, *Doran*, *Pickard*, and *Parr*, cited above, where the plaintiffs' unspecified intent to buy groceries at a store or eat at a restaurant were sufficient because of the nature of those activities, *see Parr*, 96 F. Supp. 2d at 1079 ("[v]isiting a fast food restaurant . . . is not the sort of event that requires advance planning."), patronizing an oral surgeon is not something one does on a whim. Plaintiff does not allege that she is still in need of treatment or that she will need additional treatment in

5

the near future. In her opposition, Plaintiff asserts that she "continues to have teeth and has a vested interest in ensuring nearby access to dental healthcare," (Opp'n. (ECF No. 20) at 7), but routine dental healthcare is quite unlike the specialized oral surgery that Defendant offers. And even if oral surgery were as commonplace as stopping at the grocery store, the plaintiffs in *Kiser*, *Doran*, *Pickard*, and *Parr* articulated more than a simple statement that they intended to return by furnishing additional facts to support the intent, which Plaintiff has not done here. *See, e.g.*, *Parr*, 96 F. Supp. 2d at 1079 (plaintiff had "developed a taste for L & L's food and has visited various L & L restaurants across the island of Oahu"); *Kiser*, 57 F.4th at 1098 (plaintiff liked lobster and bought it all the time). Plaintiff has therefore not alleged an actual or imminent injury for standing purposes.

Defendant's Motion to Dismiss is GRANTED as to the First Cause of Action. However, as Plaintiff may be able to allege further specific facts that show why it is likely that she will utilize Defendant's services in the future such that an injury is actual or imminent, Plaintiff will be granted leave to amend this claim.

### B. State Law Claims

Plaintiffs' second claim is under state law. The Court declines to exercise supplemental jurisdiction over this claim, and accordingly GRANTS Defendant's Motion to Dismiss Plaintiff's Second Cause of Action as well. *See United Mine Works of Am. v. Gibbs*, 383 U.S. 715, 726 (1996) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3). This dismissal is without prejudice should Plaintiff file an amended complaint that includes a cognizable claim under the ADA.

////
////
////
////
////

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (ECF No. 19) is GRANTED with leave to amend. Plaintiff must file any amended complaint within thirty days of the entry of this order.

The hearing on this motion scheduled for August 17, 2023 is VACATED.

IT IS SO ORDERED.

Dated: __August 8, 2023__

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE