**SEABOCK PRICE APC**
Dennis Price SBN 279082
Amanda Seabock SBN 289900
Christopher A. Seabock SBN 279640
117 E. Colorado Blvd., Ste. 600
Pasadena, California 91105
Phone: 323-616-0490
amanda@seabockprice.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Tonia Sartin,**<br><br>     Plaintiff,<br><br>     v.<br><br>**Beacon Oral Specialists Management LLC,** a Delaware Limited Liability Company<br><br><br>     Defendant | Case Number:   2:23-cv-00658-DCJ-DB<br><br>**SECOND NOTICE of Intent to Not Amend and Inability to Comply with Court Order** |

On August 8, 2023, this court granted Defendant's FRCP 12(b)(1) motion, finding that this Court does not have jurisdiction to hear the claim. Determining that plaintiff may be able to plead facts sufficient to maintain jurisdiction, the Court granted plaintiff leave to amend within 30 days.

Recognizing that filing no response may be construed as a failure to comply with a Court order, on September 6, 2023, Plaintiff notified the Court she did not intend to amend. This is the procedure dictated by the Ninth Circuit in to avoid a dismissal being converted to one under FRCP 41(b). *Yourish v. California Amplifier*, 191 F.3d 983, 989 (9th Cir. 1999)(allowing a court to convert a 12(b) dismissal into a 41(b), if Plaintiff does not amend or file an intent to not amend).

On October 2, 2023, the Clerk entered a minute order construing Plaintiff's notice as a request to voluntarily dismiss. On October 23, 2023, a subsequent minute order was issued requiring Plaintiff to file a dismissal under FRCP 41(a)(2) or via stipulation or file an amended complaint. However, Plaintiff is not voluntarily dismissing her claim and is declining to amend as allowed by Circuit precedent. She is acquiescing to the jurisdictional dismissal entered by the court at the request of Defendant Beacon Oral and pursuing the claim in state court. Plaintiff should not be required to convert a 12(b)(1) dismissal into an FRCP 41(a)(1) dismissal by filing a motion to dismiss an already dismissed claim.

Plaintiff reiterates her lack of intent to amend and asks the Court to enter judgment consistent with the order entered on August 8, 2023, dismissing her ADA claim for lack of sufficiently definite intent to return, and declining supplemental jurisdiction on plaintiff's state law claims. Both dismissals are jurisdictional. Jurisdictional dismissals must be dismissals without prejudice. *Blaine v. Benefits Health Sys.*, 2023 U.S. App. LEXIS 23957, (9th Cir. Sept. 11, 2023); *Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017).

Date: November 6, 2023

**SEABOCK PRICE APC**

___/s/ Dennis Price_____

Dennis Price
Attorney for Plaintiff